

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00312-CV

**RAM COUNTRY OF FORT STOCKTON, LLC**,
Appellant

v.

Tracy **TERRELL** d/b/a GT Investments,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2023CV00876
Honorable Cesar Garcia, Judge Presiding

Opinion by:  Velia J. Meza, Justice

Sitting:  Irene Rios, Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: April 22, 2026

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS DENIED

Ram Country of Fort Stockton, LLC appeals from an order appointing an arbitrator. We conclude we lack appellate jurisdiction. Ram Country alternatively asks us to treat the appeal as a petition for writ of mandamus. Because Ram Country has not demonstrated entitlement to mandamus relief, we deny the petition.

## BACKGROUND

Tracy Terrell d/b/a GT Investments is an individual used-car dealer who has bought and sold vehicles at auction for many years. Ram Country is a franchised dealership that also participates in dealer-only auctions.

On August 25, 2022, Ram Country sold a 2016 Dodge Ram truck without title documents to Terrell through an ADESA-run auction.[1] To participate in this auction, both Ram Country and Terrell agreed to ADESA's terms and conditions, which incorporate the National Auto Auction Association (NAAA) arbitration policy and designate ADESA as the arbitration forum for post-sale disputes between buyers and sellers. The terms and conditions and the integrated ADESA and NAAA arbitration policies provide that (1) post-sale disputes are to be submitted to ADESA arbitration, (2) buyers must initiate arbitration within specified timeframes, and (3) the NAAA Arbitration Policy governs the categories of arbitrable disputes and deadlines.

According to Terrell, the vehicle's odometer reading did not match its actual mileage. Terrell initially attempted to invoke ADESA arbitration. For odometer-discrepancy claims, the arbitration policy requires the buyer to report the issue and initiate arbitration within seven days of the sale date. Terrell reported the issue around two months after the sale. ADESA, through its general manager, denied the claim as untimely. Terrell later characterized ADESA's refusal to proceed with his untimely demand as evidence of bias against him in favor of "larger franchise car dealerships."

Having missed the ADESA/NAAA arbitration deadlines, Terrell filed suit in county court in February 2023, initially under the name "GT Investments, LLC," asserting breach of contract, breach of warranty, fraud, negligent misrepresentation and DTPA claims arising from the truck

---

[1] ADESA is an auction company that conducts "in-person" and "internet-based remote auction sales" of vehicles. ADESA also operates an internal arbitration department that handles post-sale disputes between auto dealers.

sale. Ram Country moved to compel arbitration under the auction agreements and attached the relevant terms and conditions, arbitration policies, and transaction documents. The trial court initially denied Ram Country's motion.

In October 2024, Terrell amended his petition, substituting himself individually as "Tracy Terrell d/b/a GT Investments" for "GT Investments, LLC." Ram Country then filed an amended motion to compel arbitration directed at Terrell in his individual capacity. After a hearing, the trial court signed an order granting Ram Country's motion.

Terrell then filed a motion for rehearing and a "Motion to Reform Arbitration Agreement to Rename Arbitrator," requesting the court to remove ADESA from the arbitrator-selection process because ADESA allegedly had a financial interest in the transaction and an ADESA representative had already denied his claim. On April 11, 2025, the trial court granted Terrell's motion to reform, entered an "Order on Plaintiff's Motion to Reform Arbitration Agreement to Rename Arbitrator," and appointed former state district judge David A. Canales as arbitrator. Ram Country appeals from this order.

## DISCUSSION

Ram Country seeks review under section 51.016 of the Texas Civil Practice and Remedies Code, which authorizes interlocutory appeals from orders involving arbitration agreements covered by the Federal Arbitration Act (FAA) in the same circumstances in which an appeal would be permitted under the FAA.[2] The FAA permits interlocutory appeals from an order denying a motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(C). Ram Country characterizes the April 11 order as an effective denial of its motion to compel arbitration because the order substituted a

---

[2] The parties do not dispute that the Federal Arbitration Act applies rather than the Texas Arbitration Act.

different arbitrator and thus refused to send the dispute to the contractually designated arbitral forum.

## 1    Interlocutory Appellate Jurisdiction

Neither Texas nor federal law authorizes an interlocutory appeal from an order appointing an arbitrator under the FAA. *CMH Homes v. Perez*, 340 S.W.3d 444, 448–52 (Tex. 2011). Ram Country contends *CMH Homes* does not apply because the present case involves an arbitration agreement that specifies the arbitral forum, whereas *CMH Homes* involved an arbitration agreement that did not. We disagree.

In *CMH Homes*, all parties agreed that the matter should be arbitrated but could not agree on an arbitrator. *Id*. at 447. The arbitration clause provided that an arbitrator would be "selected by Seller with Buyer's consent." *Id*. at 446. The plaintiff requested court intervention to settle the dispute, which the trial court granted. *Id*. at 447. CMH Homes then filed an interlocutory appeal from the court's order appointing an arbitrator. *Id*. The court of appeals dismissed the appeal for want of jurisdiction and the Texas Supreme Court affirmed that holding. *Id*. at 447, 452. The supreme court noted the order at issue, though titled "Order on Plaintiff's Motion to Compel Arbitration," decided only who would serve as arbitrator and did not deny arbitration. *Id*. at 449. After analyzing the text of section 51.016 of the Texas Civil Practice and Remedies Code and relevant federal case law applying 9 U.S.C. section 16, the court concluded there was no authority—statutory or otherwise—allowing an interlocutory appeal from an order appointing an arbitrator. *Id*. at 448–52. Instead, the appropriate avenue of relief is mandamus or appeal from a final judgment.[3] *See Id*. at 450–52.

---

[3] In state court—unlike in the federal system—cases are typically stayed pending arbitration. *CMH Homes*, 340 S.W.3d at 451 n.4. A stay is not a final judgment: the state court retains jurisdiction while the arbitration is pending if the parties need court intervention (for example, to compel witness attendance) and, once arbitration is complete, the

Here, as in *CMH Homes*, the order being challenged decided only *who* would serve as arbitrator, not whether arbitration would be compelled. The order granting Ram Country's motion to compel had already been signed a month earlier. Although Ram Country disagrees with the subsequent order selecting an arbitrator in apparent contravention of the arbitration agreement, the order does not deny a motion to compel arbitration. As the supreme court has explained, "it is the character and function of an order that determine its classification," not its label. *CMH Homes*, 340 S.W.3d at 449 (quoting *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992)).

We are bound to follow materially indistinguishable precedent from higher courts. *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997); *Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022). It is not our prerogative to overrule the Supreme Court of Texas. Section 51.016 does not authorize an interlocutory appeal from an order appointing an arbitrator; thus, we lack interlocutory appellate jurisdiction over this matter. *CMH Homes*, 340 S.W.3d at 452.

## 2   Mandamus

Alternatively, Ram Country requests we treat its appeal as a petition for writ of mandamus. *Id.* at 454 (directing court of appeals to treat interlocutory appeal as mandamus petition when specifically requested to do so).

In the interest of judicial efficiency, we have considered the documents filed in this appeal as a petition for writ of mandamus. Mandamus is an extraordinary remedy available only when (1) the trial court clearly abuses its discretion, and (2) the relator lacks an adequate remedy by appeal.

---

court may review the arbitration award. *See id*. (citing *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 840–41 (Tex. 2009)).

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Beyond reciting the standard of review in its brief and asserting that it lacks an adequate appellate remedy in a heading, Ram Country makes no substantive argument on the second prong of the mandamus test. A relator must affirmatively demonstrate its lack of an adequate appellate remedy; conclusory assertions do not suffice. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding). Moreover, Ram Country's brief does not contain the certification required by Texas Rule of Appellate Procedure 52.3(j). *See CMH Homes*, 340 S.W.3d at 453 n.8 (noting that appellant-relator was expected to comply with the certification rule upon remand to the court of appeals).

We conclude Ram Country has not shown its entitlement to mandamus relief and deny the petition. *See* TEX. R. APP. P. 52.8(d).

## CONCLUSION

Because section 51.016 does not authorize interlocutory appellate review of an order appointing an arbitrator under the FAA, we lack appellate jurisdiction. We therefore dismiss this appeal for lack of jurisdiction and, at Ram Country's request, we have treated the appeal as a petition for writ of mandamus. We deny the petition. *See* TEX. R. APP. P. 52.8(a).

Velia J. Meza, Justice